UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOPHER KULCSAR,

Plaintiff,

vs.                                                                    Case No.:

LVNV FUNDING LLC and
TATE & KIRLIN ASSOCIATES,

Defendants.
_____/

## COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, CHRISTOPHER KULCSAR, is a natural person who resides in the city of Haworth, State of New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant LVNV FUNDING LLC, ("LVNV") is a collection agency operating from an address of 200 Meeting Street, Suite 206, Charleston, SC 29401, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant TATE & KIRLIN ASSOCIATES, ("TATE") is a collection agency operating from an address of 2810 Southampton Road, Philadelphia, PA 19154, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant LVNV regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendant LVNV regularly collects or attempts to collect debts for other parties.

10. Defendant LVNV was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

11. Defendant TATE regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12. Defendant TATE regularly collects or attempts to collect debts for other parties.

13. Defendant TATE was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## **FACTUAL ALLEGATIONS**

14. Plaintiff never incurred a financial obligation. A separate individual with a different social security number and date of birth is responsible for the alleged debt.

15. In spite of the fact that Plaintiff never incurred or obligated himself to a debt, Defendants LVNV and TATE attempted to collect the alleged debt from Plaintiff.

16. Defendants sought to collect from Plaintiff an alleged debt that was not due and owing by Plaintiff.

17. Defendants attempted to enforce debt that it knew were not legitimate as to Plaintiff.

18. Defendants improperly communicated amounts not permitted by law, mainly, reported incorrect amounts due and owing to consumer credit agencies.

19. Defendant falsely represented the amounts and characters of the alleged debts to consumer credit agencies.

20. Defendant knew or should have known that the credit information it communicated was false.

21. Defendant attempted to collect amounts of debts that were not expressly authorized by any agreements creating the debts or permitted by law.

22. After the initial correspondence with Plaintiff, Defendants failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

23. Defendants failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

24. Defendants did not maintain and execute policies and/or procedures to ensure that they did not collect from the incorrect person.

## SUMMARY

25. The above-described collection communication made by Defendants LVNV and TATE, and a collection employee employed by Defendants LVNV and TATE, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 1692e(2), 1692e(8), 1692e(10), 1692f(1).

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing act and omission of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

29. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages

B) Actual damages including but not limited to frustration and emotional distress, actual costs related to postage, telephone bills, and gasoline; and

C) Attorneys fees and costs.

## COUNT 2

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(b)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant improperly communicated an amount not permitted by law, mainly, reported an amount due and wing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages

B) Actual damages including but not limited to frustration and emotional distress, actual costs related to postage, telephone bills, and gasoline; and

C)     Attorneys fees and costs.

## COUNT 3

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

34.     Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages

B)     Actual damages including but not limited to frustration and emotional distress, actual costs related to postage, telephone bills, and gasoline; and

C)     Attorneys fees and costs.

## COUNT 4

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8) and 1692e(10)

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant improperly communicated an alleged debt not permitted by law, mainly, reported an incorrect debt due and owing by Plaintiff to consumer credit agencies.

37. Defendant's improper disclosures to the credit agencies were attempts to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages

B) Actual damages including but not limited to frustration and emotional distress, actual costs related to postage, telephone bills, and gasoline; and

C) Attorneys fees and costs.

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant falsely represented the character of the alleged debt that was allegedly owed to Defendant.

40. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages

B) Actual damages including but not limited to frustration and emotional distress, actual costs related to postage, telephone bills, and gasoline; and

C) Attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  January 6, 2012				Respectfully submitted,

			/s Andrew I. Glenn
			Andrew I. Glenn
			E-mail:  AGlenn@cardandglenn.com
			Florida Bar No.:  026491992
			Card & Glenn, P.A.
			The Five Corners Building
			660 Newark Avenue, Floor 3
			Jersey City, New Jersey 07306
			Telephone:  (201) 254-5009
			Facsimile:   (201) 643-5959
			Attorneys for Plaintiff