UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOPHER KULCSAR,

                Plaintiff,

v.

LVNV FUNDING, LLC and TATE &
KIRLIN ASSOCIATES,

                Defendants.

**Civil Action No. 2:12-cv-00138-JLL-MAH**

### DEFENDANT LVNV FUNDING, LLC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant LVNV Funding, LLC ("LVNV"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1.      LVNV admits that plaintiff purports to bring an action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1.

### JURISDICTION

2.      LVNV admits the allegations in ¶ 2 for jurisdiction purposes only.

3.      LVNV admits that plaintiff purports to bring an action for damages under the FDCPA and for invasion of privacy, but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 3.

4.      LVNV admits the allegations in ¶ 4 for venue purposes only.

### PARTIES

5.      LVNV denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

6.      LVNV denies that it is a collection agency, but admits that it maintains an office at the address referenced in ¶ 6.

7.      The allegations in ¶ 7 do not pertain to LVNV and thus an Answer is not required of it.  To the extent and Answer is required, LVNV denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

8.      LVNV denies the allegations in ¶ 8.

9.      LVNV denies the allegations in ¶ 9.

10.     LVNV denies the allegations in ¶ 10.

11.     The allegations in ¶ 11 do not pertain to LVNV and thus an Answer is not required of it.  To the extent and Answer is required, LVNV denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

12.     The allegations in ¶ 12 do not pertain to LVNV and thus an Answer is not required of it.  To the extent and Answer is required, LVNV denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

13.     The allegations in ¶ 13 do not pertain to LVNV and thus an Answer is not required of it.  To the extent and Answer is required, LVNV denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

## FACTUAL ALLEGATIONS

14.     LVNV denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

15.     LVNV denies the allegations in ¶ 15 as to it.

16.     LVNV denies the allegations in ¶ 16 as to it.

17.     LVNV denies the allegations in ¶ 17 as to it.

18.     LVNV denies the allegations in ¶ 18 as to it.

19.     LVNV denies the allegations in ¶ 19 as to it.

20.     LVNV denies the allegations in ¶ 20 as to it.

21.     LVNV denies the allegations in ¶ 21 as to it.

22.     LVNV denies the allegations in ¶ 22 as to it.

23.     LVNV denies that plaintiff requested the information referenced in ¶ 23.

24.     LVNV denies the allegations in ¶ 24 as to it.

## SUMMARY

25.     LVNV denies the allegations in ¶ 25 as to it.

## TRIAL BY JURY

26.     Paragraph 26 makes no allegations against LVNV to which an Answer is required, but contains only a legal conclusion.  To the extent an Answer is required, and to the extent plaintiff has misstated the law, LVNV denies the allegations in ¶ 26.

## CAUSES OF ACTION

### COUNT 1

27.    LVNV repeats and reiterates its answer to the allegations in ¶¶ 1 through 26 as if same were set forth herein at length.

28.    LVNV denies the allegations in ¶ 28.

29.    LVNV denies the allegations in ¶ 29.

### COUNT 2

30.    LVNV repeats and reiterates its answer to the allegations in ¶¶ 1 through 29 as if same were set forth herein at length.

31.    LVNV denies the allegations in ¶ 31.

### COUNT 3

32.    LVNV repeats and reiterates its answer to the allegations in ¶¶ 1 through 31 as if same were set forth herein at length.

33.    LVNV denies the allegations in ¶ 33.

34.    LVNV denies the allegations in ¶ 34.

### COUNT 4

35.    LVNV repeats and reiterates its answer to the allegations in ¶¶ 1 through 34 as if same were set forth herein at length.

36.    LVNV denies the allegations in ¶ 36.

37.    LVNV denies the allegations in ¶ 37.

### COUNT 5

38.    LVNV repeats and reiterates its answer to the allegations in ¶¶ 1 through 37

as if same were set forth herein at length.

    39.    LVNV denies the allegations in ¶ 39.

    40.    LVNV denies the allegations in ¶ 40.

    AND NOW, in further Answer to the Complaint, Defendant LVNV Funding, LLC avers as follows:

### FIRST AFFIRMATIVE DEFENSE

    One or more of the counts/grounds in plaintiff's Complaint fails to state a claim against LVNV upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

    Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

    Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of LVNV, or for whom LVNV is not responsible or liable.

### FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his

damages or take other reasonable steps to avoid or reduce his damages.

Dated: February 20, 2012                    Respectfully submitted

                                            /s/ Aaron R. Easley
                                            Aaron R. Easley
                                            SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                            200 Route 31 North, Suite 203
                                            Flemington, NJ 08822
                                            Telephone No.: (908) 751-5940
                                            Facsimile No.: (908) 751-5944
                                            aeasley@sessions-law.biz
                                            Attorneys for Defendant
                                            LVNV Funding, LLC

## CERTIFICATE OF SERVICE

I certify that on this 20th day of February 2012, a copy of **Defendant LVNV Funding, LLC's Answer and Affirmative Defenses** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Andrew I. Glenn, Esq.
Card & Glenn, P.A.
The Five Corners Building
660 Newark Avenue, Floor 3
Jersey City, New Jersey 07306
Telephone: (201) 254-5009
Facsimile:  (201) 643-5959
Email: aglenn@cardandglenn.com
Attorneys for Plaintiff
Christopher Kulcsar

By:    /s/ Aaron R. Easley
       Aaron R. Easley, Esq.
       Attorney for Defendant
       LVNV Funding, LLC